Alexander v. Union Public Schools                                                                                        Doc. 5

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BERNICE ALEXANDER, Parent on the Behalf of Child, TIJUANN LAMONT ALEXANDER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 05-CV-0738-CVE-FHM |
| UNION PUBLIC SCHOOLS, | )<br>)<br>) |
| Defendant. | )<br>) |

## OPINION AND ORDER

On December 29, 2005, defendant filed a Notice of Removal (Dkt. # 3), alleging that plaintiff's claim arises under the Civil Rights Act of 1964, 42 U.S.C. § 1981, and is removable under 28 U.S.C. § 1441. The Court remands this action to the Tulsa County District Court on the ground that this Court does not read plaintiff's petition as stating a claim for violation of any federal statute and, thus, subject matter jurisdiction in this Court does not exist.

The rules governing removal to federal court are well-established, requiring that parties who seek to be heard in federal court demonstrate either the presence of a federal question or complete diversity of parties. See 28 U.S.C. § 1441. Since neither party asserts diversity jurisdiction in this case, the Court considers the presence of a federal question. As the Tenth Circuit has explained, it is the plaintiff's prerogative to include, or not, a claim arising under federal law:

> The presence of absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rules makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Dockets.Justia.com

Felix v. Lucent Technologies, 387 F.3d 1146, 1154 (10th Cir. 2004) (internal citations and quotation marks omitted); see also Qwest Corp. v. Santa Fe, New Mexico, 380 F.3d 1258, 1264 n.1 (10th Cir. 2004) ("By omitting federal claims from a complaint, a plaintiff can guarantee an action will be heard in state court.").

Defendant alleges that plaintiff "asserts a claim of civil rights discrimination because of '[t]he child's race, African American.'" Dkt. # 3, at 2. However, mention of the child's race in the petition does not amount to a claim under the Civil Rights Act. Having reviewed plaintiff's state court petition, the Court finds that it does not state a claim under the Civil Rights Act. Rather, plaintiff alleges that defendant failed to provide her son with a safe school, citing "School Violence/Bullying." Dkt. # 2, at 2. A liberal reading of this pro se plaintiff's filings indicates that she is asserting a claim under the Oklahoma School Bullying Prevention Act. Okla. Stat. tit. 70, § 24-100.5 (2002).

Absent a claim under the Civil Rights Act, no federal question exists, and this Court has no jurisdiction over this action. Under Fed. R. Civ. P. § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Accordingly, this matter will be remanded to state court.

**IT IS THEREFORE ORDERED** that the Court Clerk **remand this case to the District Court in and for Tulsa County, State of Oklahoma**.

**DATED** this 3rd day of January, 2006.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT